NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO GUERRA-GONZALEZ, AKA Antonio Guerra Gonzales, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    15-70850 <br><br> Agency No. A087-901-304 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Antonio Guerra-Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to suppress,

finding him removable, and denying his applications for asylum, withholding of

_____

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress, *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011), and we review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err by admitting the Form I-213, where it was probative and its admission was fundamentally fair. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003).

Substantial evidence supports the agency's determination that the government met its burden of proof by establishing Guerra-Gonzalez's alienage by clear and convincing evidence. *See United States v. Bucher*, 375 F.3d 929, 931 (9th Cir. 2004) ("[R]easonable inferences from th[e] facts are the province of the trier of fact.").

Contrary to Guerra-Gonzalez's contentions, the BIA did not misconstrue the IJ's decision or Guerra-Gonzalez's contentions regarding the Form I-213.

Substantial evidence supports the agency's finding that Guerra-Gonzalez failed to establish that any harm he fears in Mexico will be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *INS v.*

*Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it[.]"). In light of this dispositive determination, we do not address Guerra-Gonzalez's contention that he established an objectively reasonable well-founded fear. Thus, Guerra-Gonzalez's withholding of removal claim fails.

We reject Guerra-Gonzalez's contention that he warrants remand pursuant to our decision in *Flores-Rios v. Lynch*, 807 F.3d 1123 (9th Cir. 2015). We also reject Guerra-Gonzalez's contentions that the BIA engaged in improper fact-finding or applied an incorrect legal standard in its analysis of his political opinion claim.

Even considering the BIA's alleged mischaracterization of Guerra-Gonzalez's evidence, substantial evidence supports the BIA's determination that Guerra-Gonzalez failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**